UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GERALD PATRICK BARBARIS, | ) C/A No. 4:12-0229-CMC-TER |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| EDSEL TAYLOR, WARDEN MACDOUGALL CORRECTIONAL INSTIUTION, | ) |
| Respondent. | ) |

Petitioner, Gerald Patrick Barbaris (Petitioner/Barbaris), is currently incarcerated at MacDougall Correctional Institution. Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on January 26, 2012. Respondent filed a motion for summary judgment on April 9, 2012, along with a return, supporting memorandum and exhibits. (Docs. #17 and #18). The undersigned issued an order filed April 11, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #19). Petitioner filed a response in opposition on May 29, 2012. (Doc. #21).

**PROCEDURAL HISTORY**

The Petitioner, Gerald Patrick Barbaris, is presently confined at the MacDougall Correctional

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Institution pursuant to orders of commitment from the Clerk of Court for Dorchester County. The Petitioner was indicted at the January 23, 2006, term of the Court of General Sessions for Dorchester County for Criminal Sexual Conduct with a Minor, 2nd degree (2006-GS-18- 0015)(victim 14 years old) and Lewd Act on a Child (2006-GS-18-0014)(between June 1 and July 31, 2004). App. 70-73. He was also indicted for a second separate charge of Criminal Sexual Conduct with a Minor, 2nd degree (2006-GS-18-0013)(nolle prossed as part of plea agreement). He was represented on the charges by Ben Mack, Esquire. On July 26, 2006, the Petitioner appeared with counsel Mack before the Honorable James Williams, Presiding Judge. Petitioner pleaded guilty to criminal sexual conduct with a minor, 2nd degree, and lewd act upon a minor.[2] As part of the plea agreement, the State agreed to nolle pros 2006-GS-18- 0013 (Criminal Sexual Conduct with a Minor - 2nd degree) and recommended a fifteen (15) year sentence to run concurrent on the two (2) indictments. App. 4-5. Judge Williams sentenced the Petitioner to ten (10) years on 2006-15 and ten (10) years concurrent on 2006-14. Supp. App. 1-3, 5, 6. The Petitioner did not appeal the guilty plea or sentence.

Petitioner filed an application for post-conviction relief (PCR) on July 26, 2007. App. 25-30. In the Application, Petitioner alleged:

> I. I am not guilty and I wanted a trial. I only pled guilty because my lawyer said I would get life without parole if I did not plead guilty. Judge would allow an Alford plea.
>
> a. I never wanted to plead guilty I wanted a trial. I was coerced by threat of life without parole.
>
> I was never warned about the possible civil commitment or registry. I was told I could get parole if I pled guilty.

---

[2] The factual basis of the guilty plea is set out in the Appendix at pages 12-14.

App. 26. The Respondent made a Return to the Application on February 14, 2008. App. 31-35.

On January 6, 2009, an evidentiary hearing was held before the Honorable Diane S. Goodstein, Presiding Judge, at the Orangeburg County Courthouse. Petitioner was present and represented by Charles Brooks. The Respondent was represented by Salley W. Elliott and A. West Lee of the South Carolina Attorney General's Office. App. 36-57. At the hearing, testimony was received from the Petitioner and his plea counsel, Ben F. Mack. App. 39-54.[3] On December 9, 2009, Judge Goodstein filed an Order of Dismissal dated December 2, 2009. App. 59-68.

The Petitioner filed a timely appeal to the Supreme Court of South Carolina. On appeal, he was represented by Robert M. Pachak, Appellate Defender of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. On June 3, 2010, the Petitioner, through counsel Pachak, made a petition for writ of certiorari pursuant to SCACR Rule 243 asserting the following issue presented:

> Whether there is any evidence to support the PCR judge's findings that petitioner was not entitled to a belated appeal of his guilty plea?

Petition for Writ of Certiorari, p. 2. On September 15, 2010, the Respondent, State of South Carolina, made a Return to the Petition, through Assistant Attorney General Mary Williams. On January 17, 2012, the Supreme Court issued its letter order that the Petition for Writ of Certiorari was denied. The Remittitur was issued by the Court on February 3, 2012.

---

[3] At the PCR hearing, Plaintiff presented additional allegations. Petitioner alleged that his attorney had provided ineffective assistance of counsel by failing to file an appeal despite his request to do so. Also, Petitioner argued that his attorney was ineffective for failing to argue that the statutory provisions under which the Applicant was convicted was in conflict with the South Carolina Constitution. Specifically, Petitioner argued at the PCR hearing that there was a conflict between the South Carolina Code, in which the statute holds the age of consent as being sixteen years old, and Article III, Section 33 of the South Carolina Constitution, which, at the time of Petitioner's conviction, held the age of consent at fourteen (14) years of age. Petitioner argued at PCR that his trial counsel did not tell him about the inconsistency between the state code and the state constitution.

3

## HABEAS ALLEGATIONS

Petitioner filed his petition on January 26, 2012, in which he raises the following allegations:

GROUND ONE: Petitioner's conviction and custody are unlawful and in violation of his 6th and 14th Amendment Constitutional rights to competent counsel.

    1. Counsel failed to investigate the statutes and state Constitutional provisions governing Petitioner's charged offenses.

    2. Counsel recommended a guilty plea without determining whether the Petitioner's conduct was in actual violation of the State Constitutional and statutory law (See: S.C. Constitution Art. 3, § 33).

GROUND TWO: Petitioner's sentence and custody are unlawful and in violation of my 5TH Amendment Due Process rights and the United States Constitution.

    1. The sole factor supporting the State's charges in the age of the victim; that is under 16 years of age.

    2. The State Constitution defines the minimum age of consent as 14 years of age.

    3. A State statute defines the minimum age of consent as 16 years of age contrary to the State Constitution at the time the Petitioner was sentenced, and when the alleged criminal offense took place.

    4. The Petitioner's alleged conduct was not in violation of the State Constitution's tenants; and therefore the Petitioner's sentence and custody are unlawful.

(Petition).

In his petition, Petitioner asserts that he did not exhaust Ground One or Two because "PCR counsel would not file a Rule 59(e) motion to correct the defective Order of Dismissal. Appellate Counsel would not argue the claims. And the Supreme Court would not allow me to proceed PRO SE,

in order to argue the claim myself. . . " (Petition, p. 8).

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## PROCEDURAL BAR

A. Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[4], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. §2254[5]; Rose v. Lundy, 455 U.S. 509, 515 (1982).

---

[4] As stated by the Supreme Court:
> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

[5] §2254(b) and (c) read as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is either an absence of available State corrective process; or

    (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann. §17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court[6] through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. See Rose, 455 U.S. at 515; Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed

---

> available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[6] The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review in the South Carolina Supreme Court after the petition's transfer to the South Carolina Court of Appeals. See State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C. 2002), *citing* In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E. 2d 454 (S.C. 1990).

and, generally, is procedurally barred from federal habeas review. Smith v. Murray, 477 U.S. 527, 533 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Syke s, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

B. Cause and Actual Prejudice

In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocense to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default.

O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), *aff'd*, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.1997). Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), *cert. denied*, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

## **ANALYSIS**

In Ground One, Petitioner argues that his conviction and custody are in violation of his 6th and 14th Amendment Constitutional rights to competent counsel because counsel failed to investigate the alleged conflict in state statute and constitution and recommended a guilty plea without determining whether his conduct was in actual violation of South Carolina Constitutional and statutory law. In Ground Two, Petitioner argues that his sentence and custody are unlawful in violation of his 5th Amendment Due Process rights because the South Carolina statute's definition of minimum age of consent is in conflict with the minium age of consent set forth in the state constitution.

Respondent argues in its motion for summary judgment that both issues are procedurally barred as they were not raised in the petition for writ of certiorari to the South Carolina Supreme Court.

In his response in opposition to the motion for summary judgment, Petitioner states the following:

The Respondent holds that Petitioner's claims designated Grounds One and Two are

procedurally defaulted, and therefore may not be reviewed by this Court. The Respondent argues that these claims are barred from federal review because Petitioner failed to present the claims to the State Supreme Court, and the Supreme Court failed to address the claims. However, the Supreme Court's failure to address or recognize these claims should not operate to deny relief on the claims, as any procedurally default must be attributed to the State.

(Doc. #21 , p. 7).

The issues Petitioner has raised in his federal habeas petition are procedurally defaulted as they were not raised in the petition for writ of certiorari to the state supreme court.[7] Marlar, supra; Coleman, supra. Petitioner has failed to make the requisite showing to overcome this default, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, supra. Therefore, the undersigned recommends that Grounds One and Two in the habeas petition be dismissed as procedurally barred and Respondent's motion for summary judgment granted.[8]

---

[7] In his response to the motion for summary judgment, Petitioner argues that his appellate counsel would not raise the issues in his petition for writ of certiorari and the South Carolina Supreme Court refused to allow him to represent himself.

[8] The failure to raise a claim in the state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See Murch v. Mottram, 409 U.S. 41, 46 (1972); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1998). Similarly, if a petition before a federal court was not raised as a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750 (1991). The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92.
    Thus, a petitioner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Id. at 489-97. The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim, before

Accordingly, the undersigned recommends that Respondent's motion for summary judgment be granted with respect to Grounds One and Two and the petition dismissed.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Respondent's motion for summary judgment (docket entry #18) be GRANTED and the Petitioner's Petition for Writ of Habeas Corpus be denied, and the petition dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 31, 2012
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

it can be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be frustrated if federal review were available to a prisoner who had presented his claim in state court, but in such a manner that the state court could not, under its procedural rules, have entertained it. Id.