IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Gerald Patrick Barbaris, | ) | C/A NO. 4:12-229-CMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Edsel Taylor, Warden, McDougall Corr. Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On October 31, 2012, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter be dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner filed objections to the Report on November 21, 2012.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation

Petitioner's objections are a reassertion of argument and positions presented in response to Respondent's motion for summary judgment. Petitioner argues cause for procedural default by asserting that his PCR appellate counsel was ineffective in failing to pursue or properly preserve the claims he now asserts in this § 2254 petition. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . . Ineffective assistance of counsel, then, is cause for procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Noble v. Barnett*, 24 F.3d 582, 586, n.4 (4th Cir. 1994) ( "[C]onstitutionally ineffective assistance of counsel is cause *per se* in the procedural default context").

However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). Ineffective assistance of PCR appellate counsel does not amount to an independent constitutional violation, and is not therefore "cause" for a procedural default. *See  Martinez v. Ryan*, 565 U.S. __, 132 S.Ct. 1309, 1320 (2012) (declining to extend *Coleman* to reach "attorney errors in other kinds of proceedings [beyond initial collateral proceedings where ineffective assistance of trial counsel claims are raised for the first time], including appeals from initial review collateral proceedings.").

Petitioner contends that he instructed his PCR appellate counsel to assert the now-defaulted claims, but that his PCR appellate counsel intentionally and "out of malice" defaulted the issues Petitioner seeks to raise in this habeas petition. Obj. at 7. Petitioner presents no evidence to support this self-serving statement. Additionally, while Petitioner argues he attempted to proceed *pro se* on his PCR appeal and presented the defaulted grounds to the South Carolina Supreme Court in a *pro se* motion and brief, Petitioner was represented by counsel on his PCR appeal and had no right to hybrid representation. *Miller v. State*, 697 S.E.2d 527 (S.C. 2010) (*pro se* filings by represented individuals are "essentially a nullity"; filings should not to be accepted or ruled upon unless submitted by counsel). Accordingly, Petitioner cannot establish "cause" for the default, and his attempt to overcome procedural default fails.

In the alternative, Petitioner could overcome procedural default if he can show he is actually innocent of the offense in question, or that a fundamental miscarriage of justice will occur if these claims are not considered. *See Murray*, 477 U.S. at 488; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (citing *Murray*, 477 U.S. at 496)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; *i.e.*, that petitioner did not commit the crime of which he was convicted." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir. 1999). This he has failed to do.

Accordingly, Respondent's motion for summary judgment is **granted**. This petition is dismissed with prejudice.

3

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 12, 2012